## BUCK v GRAY

Ohio Appeals, 2nd Dist, Montgomery Co

No 1200.  Decided Jan 10, 1934

Clifford R. Curtner, Dayton, for plaintiff in error.

McMahon, Corwin, Landis & Markham, Dayton, for defendant in error.

## OPINION

By KUNKLE, J.

We shall not attempt to review the testimony in detail, nor to discuss at length the various questions urged by counsel for plaintiff in error. We shall content ourselves with announcing the conclusion at which we have arrived, after a consideration of the record and the briefs of counsel.

One question which is stressed with much force by counsel for plaintiff in error in their brief relates to the refusal of the trial court to charge, either in the general charge or through the special charges presented by counsel for plaintiff in error upon the question of the contributory negligence of defendant in error.

This question is stressed by counsel for plaintiff in error in their brief and many authorities cited and discussed.

The lower court was of opinion that the question of contributory negligence was not

in the case and refused to charge upon that question. From our examination of the record, we are of opinion that the lower court was correct in this conclusion. The question of contributory negligence was not raised by the pleadings. The answer of plaintiff in error states that the accident was the result of the sole negligence of defendant in error. It is conceded, however, that if the question of contributory negligence was raised by the evidence, that it was then the duty of the court to charge upon that subject. We think the attitude of the lower court upon this subject was correct.

Three special interrogatories were submitted to the jury by counsel for defendant in error.

First: "Was Desmond L. Buck negligent? A. Yes."

This answer was signed by all the jurors.

Interrogatory No. 2: "If your answer to Interrogatory No. 1 is, "Yes", state of what his negligence consisted.

A. Defective lights. (2) Failure to stop at intersection. (3) Reckless driving."

This answer was signed by all the jurors.

Special Interrogatory No. 3: "If your answer to Interrogatory No. 1 is "Yes," then answer—'Was the plaintiff, James E. Gray, guilty of any negligence in the premises in continuing eastwardly across said intersection after knowing and seeing the approach of defendant's car in the near proximity?' "

A. "No."

This answer was signed by all the jurors.

We therefore have an affirmative finding of the jury that the plaintiff in error was negligent; that the defendant in error was not negligent and that the negligence of plaintiff in error consisted in operating his car with defective lights, failing to stop at the intersection and reckless driving.

The finding of the jury supports the ruling of the trial court to the effect that the question of contributory negligence was not in the case.

Serious complaint is also made to the charge of the trial court in reference to the measure of damage.

The special charge of the court upon this subject is as follows:

"Members of the Jury. I instruct you that if you find that the collision between the defendant Buck's auto and the plaintiff Gray was caused solely, directly and proximately by the negligence of the defendant Buck as alleged in the petition and that Gray has sustained injury as a result thereof, the plaintiff Gray is entitled to full compensation for that injury regardless of whether it is a completely new injury or merely an aggravation or activation of a previous injury or defective physical condition."

The court, in its general charge to the jury, upon this subject, stated the following:

"The jury are further instructed that there is no evidence of money loss from the time of the defendent. If you reach this point you can allow nothing for loss of time of employment, but the jury are instructed that in the event your verdict is for the plaintiff and against the defendant you can allow plaintiff compensation only for the injuries directly and proximately caused by the negligence of the defendant, and you cannot allow him anything for any disease or condition received in any other way, if any, than the one of which he complains in his petition."

The general charge clearly stated to the jury that they could allow in the event they found in favor of plaintiff in error compensation only for injuries directly and proximately caused by the accident. It is claimed, however, by counsel for plaintiff in error, that the special instruction advised the jury that in the event they found in favor of defendant in error the statement that he was entitled to full compensation for such injury was misleading and that the jury thereby received the impression that the court meant to instruct them that if they found in favor of Gray that they must allow him the full amount sued for.

We do not think this special charge of the court is susceptible of such construction. When the two charges given by the trial court are read and considered together, we cannot see how any construction could be placed upon the language used by the trial court.

We think it sufficient to say that the language is not susceptible of such construction. If, however, any member of the jury entertained any doubt as to the meaning of either the special or general instruction of the court upon that subject, then it was plainly his duty to ask further instruction from the court upon that subject.

Upon the motion for a new trial, a number of affidavits were filed by plaintiff in error from members of the jury. From a consideration of these affidavits, we cannot escape the conclusion that the affidavits

340

tend to impeach the verdict of the jury and should be disregarded.

The verdict as returned by the jury was for the full amount asked in the petition. The amount set forth in the petition included $116.60 for loss of time. The trial court in its general charge instructed the jury, as above quoted, that there was no evidence showing that any money was lost from the time of the defendant in error and that they should allow nothing for loss of time from employment.

We think the jury disregarded this express instruction of the court. If, therefore, the defendant in error consents to a remittitur of $116.60, the judgment so reduced will be affirmed. Otherwise, the same will be reversed as against the manifest weight of the evidence.

Various other errors are urged by counsel for plaintiff in error, including the excessive amount of the verdict, but upon a consideration of the record we find no error therein which we consider prejudicial to plaintiff in error, except as to the amount of $116.60 above indicated.

An entry may be drawn accordingly.

HORNBECK, PJ, and BARNES, J, concur.